**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MACKINLEY ROSS, JR.**                                                                      **APPELLANT**

**V.**                                                                                       **NO. 4:19-CV-23-DMB**

**WILMINGTON SAVINGS FUND**
**SOCIETY, FSB, as Trustee of Stanwich**
**Mortgage Loan Trust A**                                                                    **APPELLEE**

## ORDER

Before the Court is Wilmington Savings Fund Society, FSB's "Motion to Dismiss Appeal," Doc. #7; and Mackinley Ross, Jr.'s "Motion to Extend Time," Doc. #9.

**I**
**Procedural History**

On, April 9, 2018, Mackinley Ross, Jr. filed a Chapter 13 voluntary petition in the United States Bankruptcy Court for the Northern District of Mississippi. Doc. #6 at 6. On September 28, 2018, Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A, filed a "Motion for Comfort Order Regarding Automatic Stay and For Other Relief." Doc. #4 at 6. The motion sought, among other things, judicial confirmation that the automatic stay provisions of 11 U.S.C. § 362 did not bar it from pursuing foreclosure remedies against real property located at 624 Pearl Street, in Cleveland, Mississippi ("Property") despite Ross residing on it.[1] *Id.* at 7.

On February 6, 2019, United States Bankruptcy Judge Selene D. Maddox granted the motion for confirmation, finding that Ross' "total absence of any legal or equitable property

---

[1] According to the Bankruptcy Court, Wilmington Savings was an assignee of a deed of trust securing the Property as collateral for the indebtedness of Ross' deceased sister. Doc. #2 at 2. When Ross' sister died, the Property passed by intestate succession to her two surviving children, who leased the Property to Ross with the understanding that he "would be allowed to live on the Property in exchange for making the mortgage payment and paying land taxes as they came due." *Id.* Ross failed to make the necessary payments and the Property went into default. *Id.*

interest in the *title* to the Property means that it is not part of the bankruptcy estate for purposes of shielding it from foreclosure by way of the automatic stay." Doc. #2 at 8–9.

On February 11, 2019, Ross filed a timely notice of appeal of the February 6 order. Doc. #1. On April 24, 2019, Wilmington Savings moved to dismiss the appeal, arguing that Ross failed to file a brief as required by Federal Rule of Bankruptcy Procedure 8018. Doc. #7 at 1. The next day, Ross filed his brief, Doc. #8, then filed a motion to "extend time for his filing an appellate brief," Doc. #9 at 1. On May 24, 2019, Wilmington Savings filed its appellee brief. Doc. #13. Approximately one month later, on June 28, 2019, Judge Maddox dismissed Ross' bankruptcy petition for failure "to remit to the Trustee … funds as required by [an] Agreed Order." *In re Ross*, No. 18-11356, at Doc. #66 (Bankr. N.D. Miss. June 28, 2019). Ross did not appeal the dismissal of his case. The underlying case, however, remains open.[2]

## II
## Analysis

11 U.S.C. § 362(a) provides for an automatic stay of certain actions against a bankruptcy debtor and his property. The provision "is a potent judicially enforced weapon designed to afford breathing space and a fresh start for the honest but unfortunate debtor." *In re Krueger*, 812 F.3d 365, 373 (5th Cir. 2016) (quotation marks omitted). The stay is not, however, indefinite. Rather, the stay on acts against property of the estate ends when "such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). The stay otherwise ends when the bankruptcy case is closed, the case is dismissed, or a discharge is granted or denied. 11 U.S.C. § 362(c)(2). Termination of the automatic stay necessarily moots an appeal of an order regarding the stay's application. *See Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the bankruptcy

---

[2] Judge Maddox entered an order closing the bankruptcy case on October 8, 2019, *see In re Ross*, No. 18-11356, at Doc. #69; but later vacated that order, *id.* at Doc. #71.

proceeding is dismissed, … it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot.").

Because dismissal of a bankruptcy case ordinarily "revests the property of the estate," 11 U.S.C. § 349(b)(3), a dismissal "has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay, just as the filing of the petition creates the bankruptcy estate and imposes the automatic stay." *In re Steenstra*, 307 B.R. 732, 738 (B.A.P. 1st Cir. 2004). These procedural mechanisms occur "immediately upon dismissal of the matter." *Friendly Fin. Discount Corp.*, No. 07-2196, 2008 WL 4330467, at *4 (W.D. La. Sep. 17, 2008) (collecting cases).

Here, the dismissal of Ross' petition immediately terminated the automatic stay. Ross did not appeal the dismissal order within the time allowed. *See* Fed. R. Bankr. P. 8002(a)(1) ("a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the … order … being appealed."). Under these circumstances, the Court concludes that Ross' appeal of Judge Maddox's February 6 order holding that the Property is not shielded by the automatic stay is moot. *See Income Prop. Builders, Inc. v. Lomas & Nettleton Co.*, 699 F.2d 963, 964 (9th Cir. 1982) (denying as moot appeal of order lifting automatic stay because underlying bankruptcy case's dismissal had become final).

### III
### Conclusion

Wilmington Savings' motion to dismiss appeal [7] and Ross' motion for extension [9] are **DENIED as moot**. This appeal is **DISMISSED as moot**.

**SO ORDERED**, this 26th day of December, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

3